IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

TRANSOCEANIC CABLE SHIP COMPANY LLC

       Plaintiff,

  vs.

JOSE FIESTA BAUTISTA, JR.

       Defendant.

Civ. No. 17-00209 ACK-KSC

## ORDER REGARDING BAUTISTA'S TREATING PHYSICIAN WITNESS

For the reasons discussed below, the Court EXCLUDES the expert testimony of Bautista's treating physician, Dr. Nicanor F. Joaquin, ALLOWS Dr. Joaquin's testimony as a fact witness, and DIRECTS Bautista to file a complete proffer of the testimony he intends to solicit from Dr. Joaquin.

## BACKGROUND

The Court recites herein only those facts that are relevant to the issue of the parties' obligations under Rule 26(a)(2) and the results of noncompliance.

On June 13, 2017, Magistrate Judge Kevin Chang issued a Rule 16 Scheduling Order that, inter alia, laid out deadlines for the parties' expert witness disclosures:

> 11. Pursuant to Fed. R. Civ. P. 26(a)(2), each party shall disclose to each other party the identity and written report of any person who may be used at trial to present expert evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. The

1

>           disclosures pursuant to this paragraph shall
>           be according to the following schedule:
>
>              a. All plaintiffs shall comply by
>                 January 29, 2018.
>              b. All defendants shall comply by
>                 February 28, 2018.
>
>           Disclosure of the identity and written
>           report of any person who may be called
>           solely to contradict or rebut the evidence
>           of a witness identified by another party
>           pursuant to subparagraphs a and b
>           hereinabove shall occur within thirty (30)
>           days after the disclosure by the other
>           party.

ECF No. 23.

Plaintiff Transoceanic Cable Ship Co. ("Transoceanic") asserts that it "disclosed its Fed. R. Civ. P. 26(a)(2) specifically retained expert witnesses to Defendant by hand-delivered letter" on January 29, 2018, ECF No. 57 at 3–4, and that, along with that letter, it provided "copies of its expert witnesses' signed reports, curriculum vitae including a list of publications for the prior 10 years, statements of compensation for study and testimony and lists of cases" in which Transoceanic's expert witnesses testified as experts in the preceding four years, id. at 4. Transoceanic then identified its specifically retained expert witnesses, Drs. Scoggin and Kaneshiro, as trial witnesses in its Final Pretrial Statement, filed on June 12, 2018. ECF No. 45 at 5. Defendant Jose Fiesta Bautista, Jr. ("Bautista") has not thus far disputed that

2

Transoceanic's disclosures were timely and sufficient. See generally ECF No. 58.

In his Initial Disclosures, filed on July 27, 2017, Bautista listed Dr. Nicanor F. Joaquin (his treating physician) and Dr. Jeffrey J.K. Lee (his treating surgeon) as persons "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses[.]" ECF No.25 at 2–3; see also Fed. R. Civ. P. 26(a)(1)(A)(i). As to the "subjects of [the discoverable] information" Drs. Joaquin and Lee likely had, Bautista noted that both had information regarding "[Bautista's] accident, injuries and disability; and medical/cure treatment." ECF No. 25 at 3. On June 12, 2018, in his Final Pretrial Statement, Bautista identified both Dr. Joaquin and Dr. Lee as witnesses to be called, noting that "Dr. Joaquin is Injured Seaman Bautista's primary treating physician who can testify regarding his injuries and disability and his medical cure" and "Dr. Lee is Injured Seaman Bautista's surgeon who can testify regarding his injuries and his medical cure." ECF No. 46 at 8–9. At the July 9, 2018 status conference and in Bautista's July 13, 2018 Statement of Position, Bautista's counsel iterated that "the only medical witness Defendant intends to call as a witness at trial is Defendant's treating physician, Dr. Nicanor Joaquin, M.D." See ECF No. 58 at 2.

3

The Court held a status conference on Monday, July 9, 2018 at 11 a.m. to inquire, <u>inter alia</u>, about the status of the parties' expert reports and related disclosures. Transoceanic indicated at the status conference that it had not received, as to either of Bautista's treating doctors, disclosures stating "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705[] and a summary of the facts and opinions to which the witness is expected to testify," as required by Federal Rule of Civil Procedure ("Rule") 26(a)(2)(C).

In its July 9, 2018 Minute Order, the Court directed the parties to file their positions with respect to their own and one another's compliance with Rule 26(a)(2). ECF No. 55. Transoceanic filed its Statement of Position on Thursday, July 12, 2018. ECF No. 57. Bautista filed his Statement of Position on Friday, July 13, 2018. ECF No. 58. In its Statement of Position, Transoceanic requested leave to reply to any arguments Bautista might make regarding the harmlessness of his failure to make the required disclosures. ECF No. 57 at 11. In a July 13, 2018 Minute Order, the Court granted the requested leave. ECF No. 60. Transoceanic made a filing on July 17, 2018. ECF No. 62.

**<u>STANDARD</u>**

Rule 26(a)(2) spells out litigants' obligations as to expert witness disclosures. Rule 26(a)(2)(A) provides that,

"[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use to present evidence under Federal Rule of Evidence 702, 703, or 705."[1] Rule 26(a)(2)(B) requires witnesses "retained or specially employed to provide expert testimony" or "whose duties as the party's employee regularly involve giving expert testimony" to prepare and sign written reports, which are to be disclosed to the other parties. Under Rule 26(a)(2)(C), as to each expert witness of whom a written report is not required, the proffering party must disclose: "(i) the subject matter on which the witness is expected to testify under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." And, as relevant here, Rule 26(a)(2)(D) notes that "[a] party must make these disclosures at the times and in the sequence that the court orders."[2]

---

[1] Federal Rule of Evidence 702 provides, as relevant here, that
    [a] witness who is qualified as an expert by
    knowledge, skill, experience, training, or
    education may testify in the form of an
    opinion or otherwise if:
        (a) the expert's scientific, technical,
        or other specialized knowledge will
        help the trier of fact to understand
        the evidence or to determine a fact in
        issue[.]
[2] Rule 26(a)(2)(D) goes on to state:
    Absent a stipulation or a court order, the disclosures
    must be made:
(Continued . . .)

Treating physicians testifying as to opinions formed during the course of treatment are "experts" regarding whose testimony the Rule 26(a)(2)(C) disclosures are required. See Republic of Ecuador v. Mackay, 742 F.3d 860, 865 n.1 (9th Cir. 2014); Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals . . . . Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)."); see also Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) ("[A] treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment.").

---

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or
(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Here, the timing of the disclosures was governed the Rule 16 Scheduling Order issued by Magistrate Judge Chang. See ECF No. 23.

Operating in tandem with Rule 26, Rule 37 provides remedies for parties aggrieved by opposing parties' failure to fulfill their disclosure or discovery obligations, thus giving "teeth" to Rule 26's requirements. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Pertinent here, Rule 37(c)(1) states that

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"In determining whether this sanction should be imposed, the burden is on the party facing the sanction . . . to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless." Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008) (citing Yeti by Molly, Ltd., 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.")).

## **DISCUSSION**

Transoceanic asserts that Bautista failed to make the required disclosures as to his treating physicians, Drs. Joaquin and Lee, and that therefore the Court should therefore "bar Defendant . . . from using his Fed. R. Civ. P. 26(a)(2)(C) treating physician expert witnesses at trial[.]" ECF No. 57 at 11. After stating that he does not intend to call Dr. Lee, see

ECF No. 58 at 2, Bautista puts forward several arguments regarding Dr. Joaquin's testimony and Bautista's related disclosures. The Court will address in turn each of Bautista's arguments as to Dr. Joaquin.[3]

I. **Whether Bautista Satisfied Rule 26(a)(2)(C) via His Initial Disclosures and Final Pretrial Statement**

Bautista contends that he complied with Rule 26(a)(2)(C)'s requirements that he disclose "the subject matter" and "a summary of the facts and opinions" to which Dr. Joaquin is expected to testify by way of the information contained in Bautista's Initial Disclosures and his Final Pretrial Statement. See ECF No. 58 at 4; see also ECF No. 25 at 3 (Initial Disclosures; "Treating Physician: Defendant's accident, injuries and disability; and medical/cure treatment"), ECF No. 46 at 8 (Final Pretrial Statement; "Dr. Joaquin is Injured Seaman Bautista's primary treating physician who can testify regarding his injuries and disability and his medical cure"). Bautista also states that Transoceanic "should have received Dr. Joaquin's office visit/clinical notes" and that Transoceanic "subpoenaed Dr. Joaquin's records." ECF No. 58 at 5. The Court finds that Bautista has failed to comply with Rule 26(a)(2)(C).

---

[3] If Bautista were to call Dr. Lee, the same analysis and strictures laid out herein would apply to Dr. Lee's testimony, including the requirement, discussed below, of filing a complete proffer of Dr. Lee's testimony by July 26, 2018.

8

"A 'summary' is ordinarily understood to be an 'abstract, abridgement, or compendium.'" Carrillo v. B & J Andrews Enters., LLC, No. 2:11-CV-01450-RCJ-CWH, 2013 WL 394207, at *6 (D. Nev. Jan. 29, 2013) (citing Kristensen ex rel. Kristensen v. Spotnitz, No. 3:09-CV-00084, 2011 WL 5320686, at *2 (W.D. Va. June 3, 2011)); see also Webster's New International Dictionary 2289 (3d ed. 2002) (defining "summary" as "[a] short restatement of the main points"); BP Am. Prod. Co. v. Burton, 549 U.S. 84, 91 (2006) ("Unless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning."). "Courts must take care against requiring undue detail" in Rule 26(a)(2)(C) disclosures. Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment. As a matter of course, however, district courts in this circuit have found parties to be noncompliant with Rule 26(a)(2)(C) where their disclosures have failed to fairly inform the other party of the substance and basis of a non-retained witness's testimony—in other words, where such disclosures have failed to state the main points of that testimony. See, e.g., Robinson v. HD Supply, Inc., No. 2:12-CV-00604-GEB-AC, 2013 WL 5817555, at *2 (E.D. Cal. Oct. 29, 2013) ("Plaintiff's disclosure that these witnesses are 'medical provider[s] and have knowledge as to Plaintiff's medical diagnosis and/or treatment' . . . suggests the subject matter of these witnesses' testimony but fails to

9

provide a 'summary of the facts and opinions to which the witness[es] are expected to testify.'"); Cooke v. Town of Colo. City, No. CV 10-08105-PCT-JAT, 2013 WL 551508, at *4 (D. Ariz. Feb. 13, 2013) (finding there was "no question" that parties failed to meet the requirements of 26(a)(2)(C) where their disclosures "advise[d] the reader that the witness will have opinions in certain areas, but fail[ed] to state *what the opinions are*, and the factual basis for those opinions.").

Moreover, "courts have summarily rejected the argument that mere disclosures of treatment records without an accompanying disclosure summary satisfies Rule 26(a)(2)(C)." Jones v. Colo. Casualty Ins. Co., No. CV-12-01968-PHX-JAT, 2015 WL 6123125, at *4 (D. Ariz. Oct. 19, 2015) (collecting cases); see also Carrillo, 2013 WL 394207, at *5 (same); Ballinger v. Casey's Gen. Store, Inc., No. 1:10-CV-1439-JMS-TAB, 2012 WL 1099823, at *4 (S.D. Ind. Mar. 29, 2012) ("[A]llowing a party to 'go beyond' the requirements of Rule 26(a)(2)(C) by providing medical records in lieu of a summary would invite a party to dump a litany of medical records on the opposing party, contrary to the rule's attempt to extract a 'summary.'").

Bautista's disclosures regarding Dr. Joaquin plainly do not meet the requirements of Rule 26(a)(2)(C);[4] they neither summarize the opinions to which Dr. Joaquin would testify nor indicate what facts he would use to support those opinions. Instead, what little iterative information Bautista has provided merely gestures at the general topics Dr. Joaquin would address, leaving the opposition to guess at the specifics. That Transoceanic has Dr. Joaquin's "office visit/clinical notes" and records, through which Transoceanic presumably might have combed in an effort to divine Dr. Joaquin's testimony, is not curative. "An opposing party should be able (and be entitled) to read an expert disclosure, determine what, if any, adverse opinions are being proffered, and make an informed decision as to whether it is necessary to take a deposition and whether a responsive expert is needed." Cooke, 2013 WL 551508, at *5. Bautista has fallen far short of the mark and has violated Rule 26(a)(2)(C).

---

[4] The Court also notes that, insofar as Bautista relies on his Final Pretrial Statement as a Rule 26(a)(2)(C)-compliant disclosure, it is untimely, having been disclosed to Transoceanic(and filed with this Court) several months after the deadline for Rule 26(a)(2) disclosures set forth in the Rule 16 Scheduling Order. See ECF No. 23 ¶ 11 (setting February 28, 2018 as the deadline for Bautista's compliance with Rule 26(a)(2)); ECF No. 46 at 11 (Bautista's Final Pretrial Statement was served on Transoceanic on June 12, 2018).

## II. Whether Bautista's Failure to Make the Required Disclosures is Substantially Justified or Harmless

Bautista next argues that Transoceanic has not been prejudiced by his conduct because Transoceanic: (1) knew (by virtue of Bautista's Initial Disclosures) that Dr. Joaquin had discoverable information; (2) was in possession of Dr. Joaquin's "office visit/clinical notes" and records; (3) never requested to depose Dr. Joaquin; and (4) did not complain to Bautista about the adequacy of his disclosures or its ability to prepare for trial. ECF No. 58 at 5. Bautista does not argue that his failure to make Rule 26(a)(2)(C) disclosures was substantially justified, see generally ECF No. 58, and insofar as Bautista is attempting to establish that his failure was harmless, the Court finds that he has failed to carry his burden to do so.

The factors a district court may properly consider in determining whether a party's failure to comply with Rule 26(a)(2)(C) is justified or harmless include: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." See Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)).

At the outset, the Court notes that Bautista's noncompliance appears to spring not from a place of "bad faith or willfulness," but rather from one of counsel's insufficient familiarity with the Federal Rules of Civil Procedure. Unfortunately, the absence of the fourth <u>Lanard Toys</u> factor is insufficient to render Bautista's failure harmless.

Trial in this matter is fast approaching, and will commence in less than four weeks' time. As such, and try as it might, the Court cannot see how allowing Dr. Joaquin's expert testimony would not incurably prejudice Transoceanic and/or disrupt the scheduled trial. In reasonable reliance on Bautista's disclosures, this Court's scheduling order, and the Federal Rules of Civil Procedure, Transoceanic has not deposed Dr. Joaquin, and, due to Bautista's noncompliance with Rule 26(a)(2)(C), has not been made aware of the "facts and opinions" to which Bautista would have his treating physician testify. To expect Transoceanic to be able to recover and prepare in less than one month is to expect too much. At the very least, Transoceanic would have to notice Dr. Joaquin's deposition, assess his credentials, prepare its expert witnesses to give responsive testimony, and perhaps supplement its own expert witness disclosures; it also might have to secure the testimony of a new, responsive expert witness. Given how much would have to be done—not to mention the possible necessity of reopening of

Transoceanic's expert witness disclosure deadline—disruption of the trial would be a near-certainty.

As noted above, it is not responsive or appropriate to put the onus on Transoceanic to have guessed at Dr. Joaquin's testimony sufficiently well as to minimize any prejudice it might suffer as a result of Bautista's error. "If the Court were to allow this kind of 'find the Easter Egg' approach, it would allow litigants to manipulate the expert disclosure rule in a way that would materially increase the cost of litigation." Cooke, 2013 WL 551508, at *5. As a case in point, the Court notes that Bautista's Initial Disclosures originally identified two treating physicians, ECF No. 25 at 2–3, and that had Transoceanic attempted (out of an abundance of caution, and without the assistance of the proper disclosures) to prepare to contend with two experts, half of Transoceanic's efforts would have been entirely wasted, as Bautista has now declared he will not call Dr. Lee, ECF No. 58 at 2. Again, to expect Transoceanic to have prepared for these circumstances is to expect far too much; litigants should not have to make potentially futile expenditures in order to guard against opposing parties' shortcomings.

Lastly, regarding Bautista's reliance on the fact that Transoceanic "never complained," ECF No. 58 at 5, the Court notes that each party's compliance with the Federal Rules of

14

Civil Procedure is its own responsibility and not that of its adversaries. It simply was not Transoceanic's job to inform Bautista of his Rule 26(a)(2)(C) obligations or to complain to him about inadequate disclosures. Transoceanic appears to have comported itself with the Rules, and it reasonably expected Bautista to do the same. Bautista's failure to do so was his own fault, and he has failed to establish that his noncompliance was substantially justified or harmless.

**III. Whether Dr. Joaquin May Testify as a Fact Witness**

Lastly, Bautista requests that the Court remedy "any of [Bautista's] disclosure deficiencies" by excluding only Dr. Joaquin's <u>expert</u> testimony—that is, by permitting Dr. Joaquin to appear as a percipient or fact witness, offering "testimony about [his] observations that are not based upon 'scientific, technical, or specialized knowledge' under [Federal Rule of Evidence] 702 and is relevant, admissible, and not more prejudicial than probative under [Federal Rules of Evidence] 401, 402, and 403." ECF No. 58 at 10.[5] Transoceanic, for its

---

[5] Bautista suggests two other potential remedies, both of which the Court rejects.
First, citing <u>Goodman</u>, 644 F.3d at 817, Bautista asks that he be allowed to "rectify [his] error" by disclosing a report for Dr. Joaquin, by which he presumably means a Rule 26(a)(2)(B) report such as those that were at issue in <u>Goodman</u>. See ECF No. 58 at 10; 644 F.3d at 826. The Court rejects this remedy for several reasons. Most obviously, a Rule 26(a)(2)(B) report is not required in the present instance. Moreover, (Continued . . .)

part, asserts that such testimony "would be irrelevant to the issues presented for trial." ECF No. 62 at 5. Though mindful of Transoceanic's concerns, the Court adopts Bautista's proposed remedy, in the manner and with the proviso detailed below.

District courts faced with circumstances similar to those now before the Court have often conceptually bifurcated witnesses like Dr. Joaquin, barring them from giving testimony grounded in their medical expertise but permitting them to testify as percipient or fact witnesses. See, e.g., Jones, 2015 WL 6123125, at *5; Titus v. Golden Rule Ins. Co., No. CV-12-00316-PHX-ROS, 2014 WL 11515698, at *2 (D. Ariz. Apr. 4, 2014); Daniels v. District of Columbia, 15 F. Supp. 3d 62, 72–73 (D.D.C. 2014); see also Fed. R. Civ. P. 26(a)(2)(C) advisory

---

Goodman is inapposite because there the Ninth Circuit clarified the previously murky strictures of Rule 26(a)(2)(B), and chose for the sake of equity to apply the newly-clarified rule prospectively only, therefore allowing a party then before it to "rectify her error" by disclosing the requisite reports. See 644 F.3d at 826 ("Under these circumstances, it would be unjust to allow Goodman's mistake about a previously unsettled point of law to be the *coup de grâce* to her case."). By contrast, the Court is breaking no new ground here; indeed, Bautista's Statement of Position indicates his understanding that Rule 26(a)(2)(C) applies in these circumstances. See ECF No. 58 at 2–3. Finally, and pursuant to its discussion regarding the lack of harmlessness here, the Court does not find that disclosure at this late date would be curative of harm caused by the failure.

Second, citing Ingram v. Novartis Pharmaceuticals Corp., 282 F.R.D. 563 (W.D. Okla. 2012), order clarified on reconsideration (June 29, 2012), Bautista requests to be allowed to submit the required disclosure now. Again, the Court finds that, under the instant circumstances, disclosure at this late date would be insufficient to cure the harm.

committee's note to 2010 amendment ("The [26](a)(2)(C) obligation does not include facts unrelated to the expert opinions the witness will present.").

The Court finds such bifurcation to be appropriate in the present instance. Again, Rule 37(c)(1) provides (as relevant here) that, absent substantial justification or harmlessness, a party who fails to make the disclosures required under 26(a) is not allowed to use that witness at trial. Bautista has failed to make the proper Rule 26(a)(2)(C) disclosures as to his non-retained expert witness Dr. Joaquin, and because Bautista has failed to establish substantial justification or harmlessness, the exclusion of Dr. Joaquin as a non-retained expert witness is proper. But Bautista did include Dr. Joaquin in his Initial Disclosures, see ECF No. 25 at 2–3, and appears to have complied with Rule 26(a) as to Dr. Joaquin as a fact witness. The Court therefore holds that Dr. Joaquin may testify at trial in the limited capacity of a fact witness, but that he may not give any testimony that draws on his medical expertise. Said another way, Dr. Joaquin may testify regarding what he perceived and did during his visits with Bautista, the timing and frequency of such visits, and other matters to which he is competent to testify by way of personal—but not specialized—knowledge. See Fed. R. Evid. 602, 701. Dr. Joaquin may offer no testimony regarding his medical opinion, as such testimony would

necessarily be grounded in his "scientific, technical, or other specialized knowledge." See Fed. R. Evid. 701, 702; Titus, 2014 WL 11515698, at *2–3 (holding that a treating physician who was not properly disclosed as a 26(a)(2)(C) expert could testify about his treatment "to the same extent any lay witness would be able to describe that treatment," but that he could not describe why he undertook particular treatments "if, as is likely, explaining 'why' would require [him] to offer an impression based on his specialized knowledge and skill."); Fed. R. Evid. 701 advisory committee's note to 2000 amendment ("[A]ny part of a witness's testimony that is based upon scientific, technical, or other specialized knowledge is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil . . . Rules.").

  The Court shares Transoceanic's concern that any testimony Dr. Joaquin may offer as a fact witness may be irrelevant to the issues presented for trial. The Court is also concerned that Dr. Joaquin's trial testimony may stray into impermissible grounds. Therefore, and in order to avoid confusion at trial, the Court directs Bautista to file a complete proffer of the testimony he will elicit from Dr. Joaquin, keeping in mind that Dr. Joaquin's testimony must be (1) limited to factual matters or opinions not based on specialized knowledge or skill, and (2) relevant, admissible,

and not more prejudicial than probative under Federal Rules of Evidence 401, 402, and 403. See Titus, 2014 WL 11515698, at *3.

## CONCLUSION

For the foregoing reasons, the Court holds that Bautista, having failed to comply with Rule 26(a)(2)(C) in regard to the expert testimony of Dr. Joaquin, is precluded from using that testimony at trial. Bautista may, however, call Dr. Joaquin as a fact witness. Bautista is directed to file a proffer of the testimony he plans to solicit from Dr. Joaquin, in light of the Court's resolution of the permissible scope of Dr. Joaquin's testimony and the requirements of the Federal Rules of Evidence, no later than Thursday, July 26, 2018.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, July 20, 2018.



Alan C. Kay
Sr. United States District Judge

Transoceanic Cable Ship Co. v. Bautista, Civ. No. 17-00209 ACK-KSC, Order Regarding Bautista's Treating Physician Witness.