IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRANSOCEANIC CABLE SHIP COMPANY LLC, | ) CIVIL NO. 17-00209 ACK-KSC ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION ) TO DENY DEFENDANT JOSE ) FIESTA BAUTISTA, JR.'S |
| vs. | ) OBJECTIONS TO PLAINTIFF'S ) BILL OF COSTS |
| JOSE FIESTA BAUTISTA, JR., | ) ) ) |
| Defendants. | ) ) |

<u>FINDINGS AND RECOMMENDATION TO DENY DEFENDANT JOSE FIESTA BAUTISTA, JR.'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS</u>

Before the Court is Defendant Jose Fiesta Bautista Jr.'s Objection to Plaintiff's Request for Bill of Costs, filed September 18, 2018.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rule").  After careful consideration of the parties' submissions and the applicable law, the Court HEREBY RECOMMENDS that the Objections be DENIED, and that Plaintiff be awarded $3,171.14 in costs for the reasons set forth below.

BACKGROUND

On May 8, 2017 Plaintiff Transoceanic Cable Ship Company LLC ("Plaintiff") filed a Complaint for Declaratory Judgment against Defendant Jose Fiesta Bautista Jr. ("Defendant"). The Non-Jury Trial, in this matter, began on August 14, 2018. Judge Kay issued his Findings of Fact and Conclusion of Law ("Findings") on September 5, 2018. ECF No. 86. Pursuant to the Findings, the Clerk of the Court issued Judgment in favor of Plaintiff and against Defendant on September 5, 2018. ECF No. 87

Plaintiff timely filed its Bill of Costs on September 19, 2018. Defendant Jose Fiesta Bautista Jr. ("Defendant") filed his objections to the Bill of Costs on September 18, 2018.[1]

DISCUSSION

Plaintiff requests $3,171.14 in costs as the prevailing party in this action: (1) $400.00 in filing

---

[1] Defendant's Objection was filed a day before the Bill of Costs were filed. According to Defendant's Objections, Defendant received the Bill of Costs on September 10, 2018, thus accounting for the sequencing discrepancy.

fees; (2) $1,485.10 in service fees; (3) $899.79 in deposition transcript fees; and $386.25 in copying costs. Defendant objects to the Bill of Costs based on grounds that Plaintiff failed to prove the necessity of the costs and a substantial hardship upon Defendant for the amount sought.

Federal Rule of Civil Procedure ("FRCP") 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). FRCP 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247 (9th Cir. 2014) (citing Ass'n of Mexican-American Educ. v. State of Cal., 231 F.3d 572, 591 (9th Cir. 2000) (en banc)).

"Courts consistently confirm that '[a] party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under

Rule 54(d).'"  San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 741 (9th Cir. 2009) (citation omitted).  The Local Rules similarly provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in LR 54.2(b)." Local Rule 54.2(a).  A party need not prevail on all claims to be found the prevailing party.  San Diego, 568 F.3d at 741.

In this case, judgment was entered in Plaintiff's favor, thus it is the prevailing party. Therefore, at issue is whether Plaintiff is entitled to the requested costs.

The Court's discretion to award costs pursuant to FRCP 54(d) is not unlimited.  Ass'n of Mexican-American Educators v. Cal., 231 F.3d 572, 591 (9th Cir. 2000).  Courts may only tax the costs identified in 28 U.S.C. § 1920.  See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (citing Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175,

4

177 (9th Cir. 1990); <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987)); <u>Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.</u>, 741 F.3d 955, 957 (9th Cir. 2013) ("The general costs statute, 28 U.S.C. § 1920, defines the term 'costs' as used in Rule 54(d).").

> Section 1920 enumerates the following costs:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The burden is on the losing party to demonstrate why costs should not be awarded.  <u>Stanley

v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

If a district court declines to award costs, it must specify its reasons for doing so. Ass'n of Mexican-American Educators, 231 F.3d at 591. On the other hand, a "district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

Defendant states that Plaintiff failed to prove the necessity of the costs. However, beyond this one sentence statement, Defendant fails to provide any support for this contention. Defendant's second objection is on the grounds that assessment of these costs would present an "enormous financial hardship" on Defendant. Again, Defendant fails to provide any proof of his financial hardship.

Thus, lacking any evidence to support Defendant's objections and failing to overcome its

burden, the Court DENIES Defendant objections and will evaluate each category of the requested costs.

A. <u>Filing Fees</u>

Plaintiff requests $400.00 in filing fees. Section 1920(1) allows for the taxation of the fees of clerk and marshal. "[f]iling fees are properly recoverable by a prevailing party under § 1920(1)." <u>World Triathalon Corp. v. Dunbar</u>, 539 F. Supp. 2d 1270, 1288 (D. Haw. 2008). Therefore, the Court recommends the award of $400.00 in filing fees.

B. <u>Fees for Service of Summons and Subpoena</u>

Plaintiff requests $1,485.10 for service of process on Defendant and service of subpoenas for Nicanor Joaquin, M.D., Seafarers Health & Benefits Plan, Seafarers Vacation Plan, and Seafarer's International Union. Local Rule 54.2(f)(1) authorizes fees "for the service of process and service of subpoenas by someone other than the marshal," but such fees must be "reasonably required and actually incurred." Local Rule 54.2(f)(1). Plaintiff has shown

that such fees were reasonable and has provided documentation for this request. See Bill of Costs Exhibits 3-6. Therefore, the Court recommends that the $1,485.10 in service fees be granted.

C. Deposition Transcripts

Plaintiff seeks $899.79 in fees for obtaining deposition transcripts from Nicanor Joaquin, M.D., Seafarers Health & Benefits Plan, Seafarers Vacation Plan, and Seafarer's International Union. Section 1920(2) authorizes the recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. §1920(2). Local Rule 54.2(f)(2) provides:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable. A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken it could reasonably be expected that the deposition was used for trial preparation, rather than mere discovery.

Local Rule 54.2(f)(2).

The Court finds that the deposition transcripts of the Defendant's medical records were necessarily

obtained for use in trial preparation.  Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998) (deposition transcript costs are taxable if they are reasonably necessary for trial).  Thus, this Court recommends that Plaintiff be allowed $899.79 in deposition transcript fees.

D.   Copying Costs

Plaintiff is requesting $386.25 in copying costs.  Section 1920(4) authorizes the taxation of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Local Rule 54.2(f)(4) adds more specificity to the requirements:

> The cost of copies necessarily obtained
> for use in the case is taxable provided
> the party seeking recovery submits an
> affidavit describing the documents copied,
> the number of pages copied, the cost per
> page, and the use of or intended purpose
> for the items copied.  The practice of
> this court is to allow taxation of copies
> at $.15 per page or the actual cost
> charged by commercial copiers, provided
> such charges are reasonable.  The cost of
> copies obtained for the use and/or
> convenience of the party seeking recovery

and its counsel is not allowable. Local Rule 54.2(f)(4). Plaintiff's counsel's affidavit sets forth all the requirements of Local Rule 54.2(f)(4): the documents copied, number of pages copied, the cost per page and the intended use of the copies. Therefore, the court recommends the granting of $386.25 in copying costs.

E.   Total Taxable Cost

The Court recommends the total of $3,171.14 in taxable costs representing (1) $400.00 in filing fees; (2) $1485.10 in service costs; (3) $899.79 in deposition transcript costs; and (4) $386.25 in copying costs.

## CONCLUSION

Based on the foregoing, the Court RECOMMENDS that Defendant's Objections be DENIED and that Plaintiff be awarded $3,171.14 in costs.

DATED: Honolulu, Hawaii, September 28, 2018.



Kevin S.C. Chang
United States Magistrate Judge

10